And on both sides, please step forward. You can come up here. Don't be afraid. All right. I wanted to first for you to introduce yourselves and say your names loudly so they can be picked up by the recorder. That is not a microphone, so try to keep your voice up as loud as I'm speaking. Both sides will have 15 minutes if we interrupt you. Certainly, we'll extend the time for both of you. For the appellate, you can reserve time for rebuttal if you'd like to do so. And at this time, please identify yourself for the record and what party you represent. Good morning. Michael Pursoon, P-E-R-S-O-O-N, on behalf of the plaintiff and counsel. Good morning. Elizabeth Tischer, on behalf of the City of Chicago. All right. And counsel, how much time do you want to reserve? Three minutes. Okay, great. And for both of you, we have read the brief. We know your positions. I try not to interrupt people if I can't help myself. So I want to let you both know there are a couple of things that I'd like you to address. For the appellate, why you think judicial estoppel applies to the argument that the city has made. And if it doesn't, then if you don't think it applies and that we can't consider their other argument, why the argument that they made in the trial court is not sufficient. And for your client, I'd like you to address why you believe that she has standing to challenge the clerk's ability to waive the late fee. And for you, for the city, why you don't think judicial estoppel applies and argue both what you've argued for the first time and what you argued in the trial court. Give us your best argument for that. And why you think that the plaintiff in this case has waived the challenge to the statute. Well, I have one question that also if you could address at that point in time is with regards to your reply brief, where you argue that the city now is bringing up the issue about the fine. If you could address that issue in regards to People v. Jones, where the Supreme Court said that that type of reasoning does not stand. Which type of reasoning? With regards to not allowing them to raise their argument that they didn't raise earlier. It's the same judicial estoppel. Okay. But with regards to People v. Jones. If I'm not answering, I'm sure you're last. All right. Thank you. Thank you so much. And please, again, keep your voice down. Thank you. Good morning. I'll start with a little bit of an introduction. I'll move right into the questions that you flagged. The main problem with the city's argument on appeal is that they just skip over the first step in this case of engaging with the plain language of the statute. And all the cases say that's what you do when you're looking at a municipal ordinance. They've identified no ambiguity in the ordinance. They just don't engage with the language of the ordinance at all, which on its face describes the late fee as just that, a fee. When you look at the structure of it, there's already a tax that the late fee is, quote, in addition to. There's already a penalty. And if you tacked this penalty of the late fee onto the other penalty, it would exceed the statutory limit. There are two different, I'll say, charges. And I think you're kind of adding them as if they were one. There is a charge of $200 or $250 if you don't buy the, I forgot what you even called it. The sticker. The sticker at all or display it. That's if you don't do it at all. Then there's this additional $60 if you do buy the sticker, but you do it late. Are you saying that those are the same thing? It penalizes the same conduct, which is. Why does it? Because. One is this, you never have the sticker. And you don't display it. Rather than, I'll give you this example now that you, because I didn't quite understand your argument. If you don't do it ever and you're riding around and you can ride around forever, there's a big fine. Since you didn't buy one at ever, you had, the police had to stop you and they had to give you a ticket out. And so you use resources of the city. On the other one, you buy your sticker. I don't care if it's one day late or it's 15 days late. You do buy the sticker. And they give you an additional charge because you've used the city streets and whatever without paying it in a timely fashion. I don't see those two fees as the same thing. Or that they could be added together to get to this $250 fee that you're talking about. That's what I'm not understanding. The challenge on that point is that if you have a penalty, that penalizes the same conduct. That's what we put first. And that's the same thing. How do you say it's the same conduct if you buy a sticker but you buy one late? Or you never buy one? You can get the ticket, I'll just say the ticket, for one of two reasons. One is not displaying the sticker. So maybe you bought it but you left it at home and you never displayed it. So the police don't know that you have it. So you get ticketed for that. That really, you can put that to the side. The other one is the ordinance says you can get ticketed for failing to purchase one. So failing to purchase it is the same thing that you're paying the late fee for. You failed to purchase it. So now when you do go to purchase it. But they're so different in terms of the amount, aren't they? It's $60 if you pay it late. And if you don't pay it at all, isn't it $200? The example that I'm thinking of is I don't buy my city sticker on time. I park out there, I'm on the street, and I get a ticket for $200. I got the ticket because I didn't buy the city sticker. Now I go and I buy my city sticker because I'm like, I don't want to get any more of these tickets. And I get another $60 penalty because we're only talking about this under the guise that that's a penalty. I get another $60 penalty. What is that $60 penalty for? It's because I didn't buy the city sticker. So is it punitive, then, or is it a deterrent? Both. Or an incentive. Well, we're only talking about it in the context of it being a penalty. So if it is a penalty there. Doesn't that make that a fine, then, instead of a fee? I'm talking about it in the situation that if it were deemed to be a fee. Well, then that's what I'm asking because you're saying, okay, the late charge is punitive, right? If it's a fee. Well, no. I mean, that's what I'm trying to clarify here. So you go, you didn't buy it on time. You go into it and you pay for it, right? And you agree that it's punitive, right? Yes. Okay. So doesn't that make it a fine instead of a fee? If it was, it would still be an illegal fine because it would be the $60 combined with the $200 or $250 would raise above the statutory maximum. And more importantly, more fundamentally, as I've briefed extensively, you can't issue fines without some sort of administrative process or a criminal prosecution. That's what all the cases distinguish. I mean, every single case they cited going back to, what was it, 1910, when somebody got a big ticket for a wheel tax ordinance violation, that was imposed after a conviction of a crime. If I go to the city clerk's office and pay my late fee, there's no crime that I've been convicted of. There's no administrative process. I haven't been given a ticket on that late fee that I can contest. So you can't impose a penalty without those procedural protections. But can't you contest it? I mean, the code does provide for an exception. So whatever the exception might be that the clerk will determine whether or not you have to pay the fine or the fee. So isn't that a determination whether or not you should pay it? I mean, you can go in there and say, well, you know what, I did buy it on time, but, you know, this is the reason why. There's no process. There's no process. Correct. Why did it have that provision in the code? There are exceptions. Are you talking about the waiver provision? Yeah. In order to apply for the waiver position according to the code, you have to present some type of evidence as to why you should be exempt. There's no process. All that was written in was this blanket grant of authority to the city clerk to waive a fee. There's no process at all anywhere, and they haven't pointed to any process. I could walk across the street to the city clerk's office and say, I'd like to file my motion for a waiver, and I'd be met with blank stares. There's no process for it. Right now, there's a blanket amnesty on it for, I think it ends today. You know, the city clerk's just waiving it. Is that within the city clerk's power if it's a penalty or tax? Can the city clerk waive a tax? Can the city clerk waive a penalty, a punitive penalty? The city clerk can waive punishment? Because that's what we're talking about. A fine is punishment. You've got to have due process. You've got to have regular rules. There is no process. There's no hearing. And when that late fee is imposed, we put Ms. Ebrecht's actual receipt in there. And there's a line item for the late fee, $60. There's no associated ticket. There's no associated violation. None of that. There's just no way that that can be a penalty. It's definitely punitive. It's definitely, you know, anytime someone has to pay more later than if they pay now, that's a whatever you call it. You know, that's an incentive. If my local grocery store runs a promotion, that's an incentive. So this amnesty you referred to, is that applicable to anybody that is a citizen that has a vehicle in the city of Chicago? Well, my understanding is there's a blanket amnesty for this month. I don't know all the rules about how far back it applies and things like that, but there's a blanket amnesty. So, you know, looking at it, bringing in the tax issue for a second, city clerk can't waive taxes. City clerk can't waive punishment. So, you know, all we're left with is this is just a tag-on fee. Like if I go to Six Flags and I get my receipt for my kids, I'll probably see something like a concession fee. You know, you go on vacation to a hotel resort, see all the fees written in, and it's just another way for somebody else to get paid. You go out to eat at a restaurant these days, and you see all the fees that are just tacked on. And that's what the city was doing when they passed this. They said, you know, they didn't want, what they didn't want to do was pass a tax increase. They were pretty clear about that. They didn't want a tax increase. Well, this isn't a fine. This isn't like an actual punishment for a crime. I can't go down the river north and contest it at a hearing and get my due process. All that it is is an ad hoc fee tacked on just to put more money in the pocket because they didn't want to do those other things legally. They could have. Well, following up on Justice Lankin's question, if your client didn't seek a waiver, then how do you have standing to raise this? On the waiver issue, let me get my notes. She's raising a facial challenge. And when you raise a facial challenge, that the statute or ordinance cannot be lawful in any application you have standing. That's the short answer to that. The follow-up, I think, more directly to your precise question is, there is no process for her to seek a waiver. There just is no process. I could test this out when I leave her. I can walk across to City Hall and, you know, ask. You know, I could take an ad out in the newspaper and say, the law firm of DePray Schwartz and Gagan Limited is opening up a new practice area of contesting late fees. You know, come on in and I'll start filing your applications. And the city wouldn't know what to do. And if I did that, if I set up a little cottage practice on seeking waivers of late fees and took a one-third contingency so I get $20 a pop, what would they do? What rules would they apply? I thought that was something about the Internal Revenue Code in the absence of a policy for waiver. Did you follow the same waiver policy that is permitted by the Internal Revenue Code? I think that's for good cause, is what they say, or reasonable cause. They really mean the same thing. There's a couple answers to that. And we cited the U.S. Supreme Court case of Jacoby, Pennsylvania, that was cited in Illinois Courts and GMCV, State Motor Vehicle Review Board, for this idea that if it's standardless, it violates due process. And this really is standardless. And it's standardless for the reasons in GM. Oh, standardless. Standardless. I'm sorry, Justice. Standardless for the reasons that the U.S. Supreme Court said in Jaco, which is it's just left wholly open. There's no standards to apply. If I set up this little law practice to challenge, to seek waivers, what factors am I going to put in? What is the city clerk going to assess to decide one person gets the waiver or one person doesn't? You know, I have a mom come in and says, it's late because I couldn't get in because I had child care. I have someone else come in and say, I was in the hospital. I have someone else come in and say, I didn't have the money. Which of those get a waiver? There's just no rules at all. The other point of looking procedurally, the way that they try to bootstrap in this IRC code provision just doesn't work. It's in a provision, I think it's 3-4-240. To begin with, that provision only applies to penalties. Well, in this instance, we're talking about it as a tax. So that provision just doesn't apply. Well, now they're talking about it as a penalty as well. Right, a fine. Third-age revenue. If it's a penalty, I'll come back. If we're treating it as a penalty, I'd come back and say, there's none of the process that's allowed. You can't impose a punishment, which a penalty is, before a conviction or a ticket in the administrative process. And this is probably in the 80s, I think, there was that round of litigation about that steered municipalities to make things have lower fines so they could do it administratively instead of through the criminal process. So they could give less process. But that's kind of to the side. Are there more questions on the waiver issue right now? So using your analogy, if you were to go across the street and say that you want a waiver, there's nothing in writing or verbal acknowledgment of a process that exists that they could tell you, all right, this is what you have to show? I haven't tried it because since I'm in the middle of litigation, I didn't think it would be proper to kind of go and do ex parte discovery. But I can't find anything. I've looked all over through the rules, you know, just Googled it, tried to find anything. The best thing that I found was what we put in our Second Amendment complaint in paragraphs 25 and 26 was that during COVID, there were ad hoc waivers given. And I saw, I think, some aldermen kind of promoting this among their constituencies saying, you can get a waiver during COVID. You know, that was a unique, hopefully, situation in our history. But now we see this as just blanket waiver, amnesty waiver. So I think I've discussed, have I answered your question sufficiently? Yes. I want to be respectful of Justice Lamkin's request to talk about estoppel a little bit. It's kind of a complicated issue in looking at how the court has dealt with this. And I think the best answer is, is that, you know, an appellee can argue, you know, anything they want to uphold the finding of the circuit court. But that's limited by their own strategic litigation decisions. And, you know, less so for me as a party, but more so for the respect of the administration of the courts, it doesn't work if you take a clear position in the trial court like the city did. I mean, they just bluntly said, this is a tax. It's part of a single tax. And then you come up on appeal, and you argue something completely different. And not just different, but inconsistent with what you argued below. So the cases kind of talk about the various ways that appellees in particular, in seeking to affirm a judgment, have a lot of leeway in what they can argue. And that's all correct. You know, the basic – Aren't they actually just tacking on to what they previously argued? Because aren't they saying it has characteristics of both a fine and a tax? And if they said tax before, they're just adding. They're not – it's not completely inconsistent. But it can't be both a tax and a fine. I mean, that's – what's really troubling to me is the city tries to describe this as a lawful charge in their brief. That's what they say. It's a lawful charge. They are unwilling to tell you what it is. You know, are they going to come forward today and say, it's a tax? Are they going to come forward today and say, it's a fine? I don't think so. And if they can't do that, there's a big problem for them because it can't be both a tax and a fine. Why can't it? Why can't it be both a tax and a fine? That's just – looking at McGrath v. City of Kankakee, it talks about the distinctions between the three. That would be my short answer. Yeah, but I mean, if it's a company – if it's part fee and part tax and part fine, why can't it be both? That's what I'm asking. Why can't it be both? Why can't it be revenue generating and why can't it be punishment at the same time? Or incentivized. Or incentives. An incentive. The procedures and the rights are very different. So, for example, if something is a tax, if I don't pay my tax, the city sends a letter to the Secretary of State and they get a lien against me, basically. So if I get any money from the Comptroller, it comes to them. If I want to renew my license, I have trouble. Same isn't true for penalties. If they want it to be a penalty, I get my day in court. There's very different – they're very different things. And they both – they overlap because our constitutional system allows for the use of – it encourages revenue generation, I'll say. It allows broad ways to generate revenue, whether that's under a taxing power, whether that's under the use of the police power. You can generate revenue in those ways. But if you want it to be a penalty, there have to be specific safeguards in place. And you can't say, well, it's sort of a tax, sort of a penalty. And with respect to your position, Justice Slamkin, I don't think you can say it's both. I think you've got to pick one and go with it. And when you come back to the plain language of the ordinance and at page 3 of our brief, I put in the actual red line of the municipal code that imposed the late fee. You can see the intent, not just as it was floating around in the press of we don't want to raise taxes, let's go after the staff laws, but right here and how they amended it. And you can see they took out every reference to the phrase license fee. Now, a license fee could be indicative of a tax. They took out every reference to license fee and replaced it with the words late fee. What else did they do? They specifically said, quote, such late fee shall be in addition to the wheel tax license fee. So they're saying we've already got a tax. Here's what it is. You go and you buy your city sticker. We've already got a penalty, too, by the way. If you park on the street and you don't have your city sticker, 200 bucks, 250 bucks. So if they already have a tax, they already have a penalty, and they come along and explicitly call something a late fee as paid in addition to the tax, there's no ambiguity. The plain language of the ordinance, which is what we're supposed to look to as the very first thing, is clear that this is a fee. And these arguments that they make that, well, because it has attributes of a tax or it has attributes of a fine, we should ignore the plain language, that's just not how it works. I mean, I've read several cases that say that is how it works. So that's my problem with the argument, counsel. And this is Sal Rodriguez's case, would be my primary authority. And, for example, on the point about penalties, and Sal Rodriguez had said, quote, the charge is independent of anyone being convicted of the underlying offense, which suggests it's a fee. It's the exact same thing here. I think they've got a real uphill battle if they want to try to say this is a fee when there's no conviction or administrative equivalent. And then on the point of looking to see – I'm sorry, I don't mean to interrupt, but I just want to make sure that we're clear. So you're saying it's not a tax? Yes. All right, and you're saying that it's not a fine? Yes. So then is it a fee? Yes. So your argument is that it's a fee? Yes. Okay. Does it really matter how it's labeled in terms of what it's supposed to accomplish? Because it's supposed to be a penalty, right? You don't buy it on time. You're being penalized because you're paying an extra charge, right? And then also it's a deterrent to prevent future conduct of preventing another person that doesn't do it on a timely basis to prevent that, hopefully, is a deterrent. Yes. So is that a fee? It's an illegal fee. It's an illegal fee? Yes. Okay. Yes. And what authority do you have to substantiate? Sal Rodriguez. Sal Rodriguez? Yes. What about McGrath? McGrath says if you've got something that's a punishment and also a deterrent, it's okay. It's a fine. Well, you'd have to look at the specific language and the purpose of McGrath, and it escapes me the particular facts of that case at the moment, I'll admit. But I focused in on the city of Alton and the Sal Rodriguez case. So those both involved fees pertinent to a traffic violation, so an arrest for a DUI, for example. Someone's driving a car, whether it's theirs or not, get arrested, car gets taken to the toll lot, there's the penalty, there's the impoundment fee. You know, you start getting this list on your ticket when you go to get your car out. And then there's also an administrative fee. That was just unconnected to anything. It's just another way to generate revenue. And in both those cases, that fee was found to be unlawful. In Sal Rodriguez, the municipality tried to argue that it was actually a fine. That was rejected. In distinguishing Jones, the Sal Rodriguez court said that the municipality cited Jones for the proposition that the Illinois Supreme Court has held that a monetary charge is a fee only if the charge is intended to reimburse the government for some cost. Based on the language of these cases, O'Fallon concludes that the monetary charge in this ordinance cannot be considered a fee because it is not related to the actual prosecution of any offenses. We disagree. So there, the Sal Rodriguez court point blank rejected this idea that you can use the supposed purpose of deterrent or revenue raising as a to escape the plain language of the statute. Sal Rodriguez went through that extensively. In O'Fallon, there was this fee, or not O'Fallon, in Alton, city of Alton, I'm sorry, there was a similar fee. The city of Alton just bit the bullet and said, yes, it's a fee. We tacked it on. It's a fee. And they tried to defend it on the basis that it was rationally related to the costs, which the city could still do below. I think they'd have a hard time because there's no documentation, no study. To justify its fee as being pretty low standard. It just has to be rationally related to the actual cost of administration. They could defend it on that basis below just like the city of Alton. They could put together a statute. They could do all those things. They haven't. Do you have any questions on the uniformity? I do not. I want to just briefly say one thing on the uniformity. So in this case, there's two parts to the uniformity clause. First is that there has to be reasonable classifications. But there's a second one. That's why we cited the Casey's case. That objects within that classification themselves have to be taxed uniformly. And that's the point that we're focusing on. What's the classification? The classification of the Will Tax Ordinance is cars that are owned and operated by residents of the city of Chicago. That's the object of the tax. So when some people pay whatever it is, $150, to get that Will Tax License, but other people pay $60 more for the same object, the tax on the same object. I'm saying what is the distinction that the statute has made? It seems like it's the individual's choice. If I pay on time, then I pay one fee. If I don't pay on time, I pay another fee. But I get to make the choice. How am I in a particular class that has been identified by the city when it's something I'm doing? Our argument, and I think the trial court and I were talking in different directions, our real argument on that point is not that there's a separate classification. That's why I started this by talking about the two different ways you can bring a uniformity challenge, by saying there's classifications that aren't rational and reasonable, or within one classification, the tax isn't applied uniformly. So here, the classification, the object of the tax, is the car, if you're a resident of Chicago. It's the car. That's what's being taxed. So that tax on that same object has to be uniform. And I understand what you're saying of, well, it's really your choice if you pay a higher one. But to me, that's not looking at it as a tax. That's applying the sort of rationale I would to a penalty, where it's within my power. I'm making decisions one way or another, and I have to live with the consequences. But if you're setting a tax, that tax has to be out in schedule, has to have valid classification, which there is in this instance. But within that classification, the objects have to be taxed at the same rate. And they're just not when some people have the exact same object, are paying $60 more. The reason doesn't matter why they're paying $60 more. What matters is the city is telling them, your tax is more. Your tax is $60 more than this person with the exact same situation, the exact same car. You've got to pay $60 more. The problem with that, sir, is that every tax I'm aware of, every tax, if you don't pay it on time, you have to pay more. That's a penalty. So why is this different? It's different because that is a subsequent penalty. Yeah, we talked about that already. It probably has characteristics of a penalty or an incentive. I've paid late fees on my tax, penalties on my taxes. You know, I take the extension to October, and I eat whatever the percentage fee is. But it's always a penalty, and there's a process for me to challenge that penalty. Specifically, I think I never replied, but if we talk about that. We already talked about that here today. I'll reserve three minutes. Okay. Thank you.  Good morning, Your Honors. May it please the Court. The judgment of the circuit court should be affirmed. Plaintiff's position is that the $60 late charge is a fee, but all parties agree that the charge does not seek to recoup any costs for services. It is, therefore, not a fee at all. It does, however, bear attributes of both a tax and a fine, and for these reasons, plaintiff's claim fails. This morning, I will first explain why the charge is not a fee. I will then explain that the charge is both a fine and a tax. And finally, I will explain that plaintiff's challenge to the waiver provision fails. Before turning to the merits, I want to just briefly address the Court's concerns about waiver. Just based on the way that you said your argument, I prefer that you address, if you will, judicial estoppel first, because you want to argue the tax and the fine. Sure. Yes, Your Honor. So the Illinois Supreme Court rejected the very argument that plaintiff is making here regarding judicial estoppel in People v. Jones, which we do cite in our brief. In there, the State had called the charge a fee in the appellate court, but then argued in the Supreme Court that it was a fine. The Court rejected, the Supreme Court rejected the argument that the State should be estopped from urging a different interpretation of the statute that it did below, and explaining that because there were no facts in dispute, that this was just a question of law, there was no judicial estoppel involved, which involves inconsistent factual positions rather than inconsistent legal positions. And, of course, as we also explain in our brief, an appellee, as the appellee, we can assert arguments not raised in the circuit court so long as they are supported by the record. And, again, there are no factual disputes in this case. The interpretation of the ordinance is merely a legal question. And, indeed, this Court can affirm on any basis supported by the record as well. And in that case ---- Are you saying that you can take inconsistent legal positions? Indeed, one can take inconsistent legal positions, but I would like to point out that our positions aren't inconsistent in this case. I'm just saying you could take one. We could. Correct Your Honor. We did in the circuit court argue that the charge bared attributes of a tax. Upon closer look at the ordinance, we determined that it also bears attributes of a fine as well, but that it is both a fine and a tax, and they're not inconsistent positions. And I would also like to point out that none of the cases that plaintiff has cited prevent an appellee from offering a new legal argument on appeal. She does cite cases where an appellant has raised new arguments, but it's well said that the same waiver rules do not apply to appellees. She also cites cases where defendants have raised new affirmative defenses later in litigation, but this is not what the city has done here. The city is merely offering an alternative interpretation of an ordinance, and that's sort of a question that is squarely within this Court's purview. And, indeed, this Court has an obligation, all courts have an obligation, to interpret statutes and ordinances correctly. And for that reason, this Court should find that the city's argument that the charge is a fine not waived or that we should not be judicially stopped from arguing that the charge is a fine as well as a tax. So you're arguing that your arguments below were just merely legally inconsistent, although they were somewhat relevant to the arguments below. Is that what you're saying? Our arguments on appeal, we're continuing with the arguments that we made below, that the charge bears attributes of a tax, that it doesn't violate the uniformity clause. We're simply adding on to that that it also bears attributes of a fine, and those are not inconsistent positions. We're merely expanding on our understanding of what the charge, the attributes that the charge does have. And it can be, as we will explain, both a tax and a fine. So if the Court has no further questions regarding judicial estoppel, I would like to turn to the merits. It's not, this is actually not a question. I read it. I know I've read it. I can't remember what case. But even if you were judicially estopped, this Court is not bound by that estoppel. Correct, Your Honor. All right. Okay. Right. The waiver principle is. I'm just wondering why you didn't say it. Even if you did make a mistake, we don't have to hold you to that mistake. We can still address it. Correct, Your Honor. And in cases with statutory interpretation, which we have here, the waiver rules are even more flexible because of the fact that courts do have an obligation to interpret statutes correctly. And even though they didn't raise it, is there any prejudice allowing this at this point in time? No, Your Honor. There would not be any prejudice here. And, in fact, the plaintiff did, although the plaintiff didn't specifically bring a claim that this was, that the charge was an illegal fine, the plaintiff did assert in her complaint and also argued in her opening brief that the charge is not a fine. And so we were also merely responding to her position that it is not a fine. So there wouldn't be any prejudice. Clearly, the plaintiff had contemplated the basis for whether the charge could be a fine, and we're responding to that. So turning to the merits, plaintiff's sole theory that the $60 late charge is a fee is that the ordinance labels it a fee. But it is well settled that a label cannot override the actual attributes of the charge. And the most important attribute in determining whether a charge is a fee is whether it seeks to recoup costs incurred in providing a service. But there is no dispute that the charge does not seek to recoup any costs here. It is thus not a fee at all, let alone an unlawful one. Not only does the charge lack any attributes of a fee, but it bears attributes of both a fine and a tax. A charge is a fine if it serves a punitive or a deterrent purpose. And that is precisely what the $60 charge does here. It deters vehicle owners from paying the wheel tax late. Or you could also say it incentivizes them to pay the wheel tax on time. And it is well established that charges for late payment of taxes are valid and that they aid in the administration and collection of taxes and are imperative for effective and efficient governance. And even plaintiff concedes that the city can impose fines to incentivize timely payment of taxes. In addition to being a fine, the $60 charge is also a tax. It raises revenue for road maintenance and infrastructure, traffic safety, pollution control, and other related public services. And plaintiff concedes this as well. And there is no uniformity problem. First, there is no classification between those who pay on time and those who pay late. All vehicle owners are subject to the same rate scheme, one rate for paying on time and another for paying late. But even so, any such classification would be reasonable. Vehicle owners who pay late benefit from using the city's roadways for a period of time without contributing any funds to support improvements or to account for the wear and tear they cause. Further, it is reasonable for the city to collect an extra $60 from late payers to deter this conduct. And, as this court has recognized, a valid tax can both deter conduct and collect revenue when deterrence fails. I would also like to briefly address on that point the solid silagigas case that plaintiff discussed in her opening argument. In that case, plaintiff characterizes that case as standing to the proposition that this court should look to how the legislature labels the charge in its ordinance or statute. But actually, in that case, the court was looking at the attributes of the specific charge. Namely, in that case, the court found that the charge did not actually penalize any conduct as the charge was imposed regardless of whether any defendant was convicted of any of the underlying criminal conduct. But the charge instead attempted to recoup cost for retrieving an impounded vehicle. Thus, the silagigas case is entirely consistent with the rule that is the attributes that matter, not the label. And plaintiff cites no other cases suggesting that this court should find that the charge is a fee merely because the ordinance labels it a fee. Ms. Fisher, could you address the applicable standards for reasonable cause to waive the late fee? Sure. So the waiver provision is supported by reasonable cause. And the ordinance provides guidance on the meaning of reasonable cause by reference to the IRS regulations. And let me just pull that up. And I just want to note that that reasonable cause standard, which is in Section 3-4-240 of the City's Tax Code, and that is under the section, the chapter entitled Uniform Revenue Procedures. And the provisions of that chapter apply to all the other provisions in the tax code where it is otherwise silent. So while plaintiffs suggest that this reasonable cause standard does not apply here, there's nothing in there's no other standard for reasonable cause identified in the wheel tax under the wheel tax ordinance. So this reasonable cause standard would apply. And in this case, we would look to the IRS regulations. And under those regulations, failure to pay is considered reasonable where a taxpayer makes satisfactory showing that he exercised ordinary business care and prudence but was nevertheless unable to pay or would suffer undue hardship. Ordinary business care and prudence is the taxpayer's reasonable effort to conserve sufficient funds to satisfy tax liability. And an undue financial hardship is a substantial financial loss, which is more than just an inconvenience. So that guidance certainly provides additional support for the notion that the reasonable cause standard is adequate. But also courts have long upheld reasonable cause standards, even without further guidance, against vagueness challenges, explaining that reasonable cause is something that is within the purview of the administrative body for determining what constitutes reasonable cause. And I would also like to point out that because plaintiff brings a facial challenge in this case, that she has to show that the, that this ordinance has no valid application. But as we explained in our brief, her complaint identifies many valid applications of the waiver provision. And also the Department of Revenue has issued a uniform revenue procedure ruling, which we also identify in our opening brief, that also provides examples of when reasonable cause exists to waive or abate late payment and or failure to file penalties. And that includes, as well, several valid applications of this reasonable cause standard. But I'd also like to emphasize that plaintiff lacks standing in any event to bring this challenge to the waiver provision. First, she never sought a waiver. And a ruling invalidating the waiver provision would not afford her the relief that she seeks, which is a refund of the $60 charge. And while plaintiff argues that she has standing because she's bringing a facial challenge, this court has held that only where a plaintiff is challenging a statute or ordinance on First Amendment grounds may they bring a facial challenge for vagueness. And plaintiff does not purport to be bringing any First Amendment challenges to the ordinance here. But what about their argument that there is no specific process in terms of  According to counsel, if you go over to the clerk's office, you want to waive, there's no guidelines, no procedures that are available to people that want to assert a waiver. Well, Your Honor, I'd first like to point out that plaintiff challenges the waiver provision on vagueness grounds. And so whether there's a procedure is not relevant to whether the reasonable cause standard is sufficient. She certainly has not brought any procedural due process claim and, in fact, did not even attempt to seek a waiver. She claims that going over to the, her counsel stated that going over to the clerk's office, no one would know what to do. But plaintiff, in this case, never attempted to go to the clerk's office to seek a waiver. And the Uniform Revenue Procedure ruling, as well, that we discussed does provide additional guidance on how taxpayers can establish reasonable cause. And it explains, you know, that one can make, a request to waive can be made in writing to the Department of Finance. And it explains, you know, accompanying documents that must be submitted. But how would the average person know this? Well, this information is on the city's website. And the ordinance does say that a waiver can be sought through the clerk. So contacting the clerk's office would also be a source of information. But, again, plaintiff never sought a waiver in this case. So she doesn't have any basis for bringing a challenge on procedural due process grounds. And, of course, does not bring a challenge on any procedural due process grounds. And this was in the briefs, but counsel raised in her argument this amnesty. It applies arbitrarily to anybody that has a vehicle that's being utilized in the city of Chicago. Oh, again, Your Honor, this amnesty would not bear at all on the claim that plaintiff is bringing, which is simply that the ordinance on its face lacks a standard, or that the reasonable cause standard is vague and not a sufficient standard. And so whether the city clerk has provided amnesty for vehicle owners in this instance does not bear on that question. Again, plaintiff has not herself sought a waiver. It is not clear. She cites, she makes conclusory allegations in her brief, I'm sorry, in her complaint that the clerk has made arbitrary determinations on the waiver, but she provides no facts to support that. And, again, herself has not sought a waiver and so cannot challenge that. If there are no further questions, Your Honors, we ask this Court to affirm the judgment of the circuit court. Any further questions?  Thank you.  And in your three minutes, please just address her point that you have nothing to, no basis for a procedural due process challenge. And that's just really on the Second Amendment complaint relating to the waiver provision. So I don't have anything new to say tonight that I didn't say before, really. We've got the GMC case that cites the U.S. Supreme Court case that said when it's standardless, there's no will to apply. So that file is due process, and it's in those two cases. That would be my direct answer to that question. Counsel also talked about the Saladrigas case again, which I think is really the lead case. I wanted to address specifically the point that she made about arguing that you look to the attributes or the characteristics. In Saladrigas, the defending municipality, quote, because it punishes vehicle owners when they use their vehicle or allow their vehicle to be used in the commission of certain offenses. The court said, So the rules haven't changed. You can consider what the attributes are, but that doesn't displace what the actual language is, particularly just applying general principles of interpretation when there's no ambiguity identified. Usually when I'm looking for other external sources to interpret the plain text, the plain meaning of the text, I've got to identify some ambiguity in the text and to even consider those external sources. They're asking you to look to external sources as the primary source of textual interpretation, which is just completely wrong, and there's not a case in the world that says that. What I didn't hear her argue at all was a single word of textual analysis. I went through in the opening argument. We had the actual amendment, the actual red line that put in place this late fee, late fee. And even now, to this day, they have not given a single bit of textual analysis. That's not ambiguous. How is it vague if it says they're a late fee? If a common person knows that they're going to purchase a sticker, they see that they're probably going to be accountable for a late fee. It's not ambiguous at all. And it's not ambiguous because it calls it a late fee. And the cases say that the title, I'll say, the way that the municipality calls it, is strong evidence that that's what it is. So we've got plain, as you indicated, unambiguous language that it's a late fee. And that's strong evidence that they haven't overcome. They haven't pointed to an ambiguity that would even suggest we should look to external evidence. I'll stop on Saladrigas there if there's any more questions. And then really briefly on the waiver point, or not the judicial stopover point, because it seems there's a significant level of interest in that. On page 7 of our brief, we did cite a case, a Nicola case that talked about that. That's the case where there was a dog adoption that went awry, unfortunately. And in that case, Nicola said, without the trial court there, what happened was they made a new legal argument on appeal. The defendant, the unsuccessful medical provider, made a new legal argument. And the court said when the trial court ---- You just said the appellant as opposed to the appellee. This is the ---- It wasn't the appellant. I'm looking right now, Justice. New legal argument or the appellee. It makes a difference. Oh, I'm sorry. The plaintiff appealed. And on appeal, the defendant sought to uphold the judgment on the basis of a new legal argument. So it was the appellee. And the court said when the trial court enters in order of granting a motion to dismiss, without specifying the ground on which it is based, the appellate court is faced with every issue raised in the motion. If any ground raised by the motion was proper, the appellate court must affirm. Standard rule. However, when the record on appeal indicates that an issue urged on appeal was not raised in the trial court, the issue is not properly preserved and is deemed waived on appeal. And what was the position that the city took below? As we cited in page 1 of our reply brief, the city made the confident pronouncement below, quote, the late fee is not an administrative fee, but is, in fact, a tax imposed by the wheel tax ordinance. The city went on to argue, quote, in other words, there are not two taxes here. There is a single vehicle tax, which varies in its amount, depending on whether one purchases the wheel tax license on time or late. That was their exact legal position taken below. And when I look in the code, this issue that it's actually a fine, quote, was not raised in the trial court. And it is now urged on appeal. Therefore, that issue is not properly preserved and is deemed waived. If there's no further questions, thank you for your time. Thank you. Thank you. Thank you both. I enjoyed this case. I'll say that. All right. We're going to stand adjourned now, and hopefully we'll have a disposition soon. Thank you.